**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3418
_____

DIMITRIOS MITCH FATOUROS,
                                        Appellant

v.

EMMANUEL LAMBRAKIS; ARTEMIOS SORRAS;
JOHN DOE NUMBERS 1 THROUGH 10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:13-cv-04639)
District Judge:  Honorable Claire C. Cecchi
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 18, 2015
Before:  CHAGARES, JORDAN and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: September 23, 2015)
_____

OPINION[*]
_____

PER CURIAM

Dimitrios "Mitch" Fatouros filed a pro se complaint against Emmanuel

Lambrakis, Artemios Sorras, and ten John Doe defendants, asserting claims of libel,

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

slander, and defamation. More specifically, he alleged that when he contacted Lambrakis to discuss something that Lambrakis had said on a radio show, Lambrakis asked him, "Do you love Greece?". He also alleged that Lambrakis refused to be interviewed by him, and that Lambrakis stated, during an October 2012 newscast in Greece that was broadcast all over the world over the Internet, "I wish to say that Mr. Fatouros is financed and controlled." Fatouros also alleged that Lambrakis forwarded to someone in Maryland an e-mail in which he stated that he "was attacked . . . from Gialtouridis, Zoupaniotis, Fatouros, Stephanopolous . . . and not only." He maintained that the e-mail "was released on the [I]nternet."

Fatouros also claimed that Sorras, while appearing on a radio program broadcast from New York, asked, "Or Fatouros. If I meet him . . . does he know me?," thus threatening him on "an FCC regulated frequency." He also alleged that a lawyer for Lambrakis and Sorras sent him "an outrageous threat," to wit, a letter to cease-and-desist defamation of Lambrakis and Sorras. Additionally, he maintained that a "spokesperson" for the two defendants asked him (after he called in to a Greek television show on which the "spokesperson" was appearing), "Would you like to tell us to which lobby you belong?," and implied that he "was conspiring with a Greek-Jewish professor at St. John's University." Fatouros further alleged that an associate of the two defendants also called the program to ask who was financing Fatouros's attack and that "Lambrakis and his gang" post messages (in unspecified forums) calling him a traitor.

2

Lambrakis and Sorras[1] each filed a motion to dismiss Fatouros's complaint on various grounds, including for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. Fatouros did not file a true response to the motions, although he submitted a mandamus petition in our Court with a request that we order the District Court to terminate Sorras's motion (C.A. No. 13-4792),[2] and filed other documents in the District Court, including one titled "motion for stay pending plaintiff's petition for a rehearing for a writ of mandamus & enlarge time to file a cross-motion for jurisdictional discovery" (ECF 26).[3] Within the "motion for stay . . .," he noted our statements, in denying his mandamus petition, that he had other adequate means to challenge the motion to dismiss and that he could raise his arguments in response to the motion to dismiss. Fatouros then stated, in his "motion to stay . . .," "[p]robably, this can be done through Jurisdictional Discovery: is John Sispas Esq. representing Defendant Artemios Sorras in litigation, yes or no. Sipsas said he did. Defendant Sorras said Sipsa does not. The U.S. Court of Appeals says Plaintiff has to exhaust his tools. Conclusively, Plaintiff is entitled to jurisdictional discovery."

---

[1] Sorras filed his motion despite (like the Doe defendants) never having been served.

[2] Within his mandamus petition, he discussed, inter alia, whether John P. Sipsas, Esq., could receive service of the complaint for Sorras.

[3] The District Court docket reflects that "per [Fatouros] this is a reply."

Ultimately, the District Court granted the defendants' motions to dismiss for lack of personal jurisdiction, dismissing the complaint without prejudice and permitting Fatouros to file an amended complaint within 30 days. Fatouros appeals.

We have jurisdiction under 28 U.S.C. § 1291.[4] We review de novo the District Court's ruling that it lacked personal jurisdiction over the defendants. Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 155 (3d Cir. 2010). Fatouros had the burden of demonstrating facts that established personal jurisdiction. Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009). Because we are reviewing an order granting Rule 12(b)(2) motions, and because the District Court did not hold an evidentiary hearing, Fatouros "needed only [to] establish a prima facie case of personal jurisdiction." D'Jamoos v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009) (citation omitted). In determining whether Fatouros had made out his prima facie case, the

---

[4] The District Court's dismissal was "without prejudice." "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). "Only if the plaintiff cannot amend or declares his intention to stand on his complaint does the order become final and appealable." Id. at 951–52. In this case, Fatouros chose not to amend his complaint; he instead appealed and has declared his intention to stand on his complaint. See Frederico v. Home Depot, 507 F.3d 188, 192 (3d Cir. 2007) (determining that a plaintiff had elected to stand on her complaint where she did not seek to correct the purported pleading deficiencies, but instead repeatedly asserted that her complaint was sufficient as filed). We decline Fatouros's request that we overrule Borelli. We also reject Fatouros's other arguments regarding our jurisdiction, including his assertion that we do not have jurisdiction because Sorras is not participating in this appeal. Also, we note that the District Court's order is final even though it does not address claims against the Doe defendants who were never served. See United States v. Studivant, 529 F.2d 673, 674 n.2 (3d Cir. 1976).

District Court was required to accept the allegations in the complaint as true and to construe any disputed facts in Fatouros's favor. Metcalfe, 566 F.3d at 330.

Fatouros alleged that Lambrakis is a citizen of the State of New York and Sorras is a citizen of "Canada and/or Greece." Fatouros, who is a resident of New Jersey, filed his complaint in a district court in that state. The federal district courts in New Jersey may assert personal jurisdiction over a nonresident only to the extent authorized by state law. Eurofins, 623 F.3d at 155. We have recognized that "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004) (citation omitted). A defendant may be subject to the jurisdiction of a court only if "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." J. McIntyre Mach., Ltd. v. Nicastro, 131 S. Ct. 2780, 2787 (2011) (citation and internal quotations omitted).

Fatouros did not assert any jurisdictional facts that would support general personal jurisdiction.[5] Kehm Oil Co. v. Texaco, Inc., 537 F.3d 290, 300 (3d Cir. 2008) (explaining that a court has general personal jurisdiction over a defendant who has maintained systematic and continuous contacts with forum state). Also, there was no

---

[5] While we base our decision on an evaluation of the whole District Court record in this case, we note that Fatouros's response to the jurisdictional challenge borders on inadequate. See Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 66 (3d Cir. 1984) (holding that a plaintiff establishing personal jurisdiction must present more than "mere affidavits which parrot and do no more than restate plaintiff's allegations without identification of particular defendants and without factual content").

basis for specific personal jurisdiction over the defendants. Specific personal jurisdiction exists "when the claim arises from or relates to conduct purposely directed at the forum state." Kehm Oil Co., 537 F.3d at 300; see also Asahi Metal Indus., Ltd. v. Superior Court of Cal., Solano Cty., 480 U.S. 102, 109 (1987) (repeating that "minimum contacts must have a basis in some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws") (internal quotations and citation omitted).

None of Lambrakis's or Sorras's alleged acts were directed into the forum state.[6] A radio broadcast in another state and a television broadcast in another country, both of which could be accessed over the Internet, and postings in Internet forums that could be read by individuals in New Jersey are insufficient bases for personal jurisdiction in this

---

[6] Fatouros may also wish to attribute to the defendants Sipsas's act of sending a cease-and-desist letter to him in New Jersey. Assuming that an agency relationship existed between Sipsas and the defendants, and assuming that New Jersey allows personal jurisdiction over a person who acts through an agent, the acts of writing and sending the letter did not constitute the specific torts for which Fatouros sought relief, so they were not bases for specific jurisdiction. Cf. IMO Indus. v. Kierkert AG, 155 F.3d 254, 261 (3d Cir. 1998) (explaining when specific jurisdiction may lie for an intentional tort). Fatouros did not describe the publication of the letter or the communication of the letter's contents to anyone other than Fatouros himself. Accordingly, the allegations did not describe defamation, slander, or libel, all of which have a communication or publication element. See Gnapinsky v. Goldyn, 128 A.2d 697, 702 (N.J. 1957) ("Since the law of defamation seeks to secure reputation, there must be a communication to a third person. Without this essential element, neither libel nor slander is shown."); see also G.D. v. Kenny, 15 A.3d 300, 310 (N.J. 2011) (describing the elements of a defamation action). Alternatively, even if the allegations were enough for the District Court to assert personal jurisdiction over the defendants only on a claim based on the cease-and-desist letter, Fatouros failed to state a claim upon which relief can be granted.

case.  Fatouros did not present a prima facie case that the defendants purposefully availed themselves of conducting activity in New Jersey "by directly targeting [their activities or postings] to the state, knowingly interacting with residents of [New Jersey] via [their activities or postings], or through sufficient other related contacts."  Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 454 (3d Cir. 2003); see also Shrader v. Biddinger, 633 F.3d 1235, 1241 (10th Cir. 2011) (noting that "posting allegedly defamatory comments or information on an internet site does not, without more, subject the poster to personal jurisdiction wherever the posting could be read").

On appeal, Fatouros presses the argument that the District Court erred in dismissing his complaint without allowing him time for jurisdictional discovery.  We review for abuse of discretion a district court's decision to deny a request for jurisdictional discovery.  Toys "R" Us, Inc., 318 F.3d at 455.  Even if Fatouros's assertions relating to jurisdictional discovery in his "motion to stay . . ." could somehow be construed as a general request for jurisdictional discovery (or a request related to his claim about the letter sent by Sipsas), we conclude that the District Court did not abuse its discretion in declining to allow it.  Fatouros did not present factual allegations that suggested with reasonable particularity the possible existence of the requisite minimum contacts.  See Toys "R" Us, 318 F.3d at 456; see also Mass. Sch. of Law at Andover v. ABA, 107 F.3d 1026, 1042 (3d Cir. 1997) (explaining that jurisdictional discovery generally resolves the question whether a corporate defendant is doing business in the

7

state and that the presumption in favor of discovery is reduced when the defendant is an individual).

For these reasons, and because we conclude that Fatouros's arguments are otherwise without merit,[7] we will affirm the District Court's ruling.

---

[7] In particular, we reject as baseless his claim that the District Judge was biased against him. See, e.g., Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal.").