IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS





December 29, 2023 03:50 PM
SX-2020-MC-00090
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | |
|---|---|
| IN RE: TOBACCO LITIGATION | CIVIL NO.  SX-20-MC-090<br><br>Complex Litigation Division<br>(Re: 20-CV-719 through 722) |

**Cite as: 2023 VI Super 81U**

**MEMORANDUM OPINION
(Filed December 29, 2023)**

**Andrews, Jr., *Judge***

### INTRODUCTION

Plaintiffs, four St. Croix residents, brought separate actions[1] on September 16, 2020, against cigarette manufacturer R.J. Reynolds Tobacco Company (Reynolds), cigarette wholesaler Island Saints Corp., and cigarette retailers United Corp. and KAC357 Inc.  They allege, as a result of smoking cigarettes manufactured and sold by the defendants, they contracted smoking related diseases including lung cancer, bladder cancer, laryngeal cancer, chronic obstructive pulmonary disease, and heart disease.  They further allege Reynolds, and other cigarette manufacturers, engaged in fraud and conspiracy by misrepresenting the health effects and addictive nature of cigarette smoking.  Plaintiffs claim they relied on the misrepresentations, continued smoking and developed the diseases.  This Court, on August 10, 2023, dismissed Plaintiffs'

---

[1] All four cases are grouped under the above-captioned master case.

fraud and conspiracy claims for lack of personal jurisdiction. Plaintiffs now seek permission: to conduct jurisdictional discovery to collect evidence to show Reynolds and its co-conspirators targeted the Virgin Island with their fraud and conspiracy; and to later replead the dismissed claims. Reynolds responds that Plaintiffs have waived their right to seek jurisdictional discovery by strategically choosing not to seek it earlier; and their request is an improper fishing expedition since jurisdictional discovery would be futile. For the reasons mentioned below, this Court concludes that Plaintiffs waived jurisdictional discovery and such endeavor would be futile.

## RELEVANT BACKGROUND

The pertinent filings that occurred prior to Plaintiffs' request for jurisdictional discovery are follows:

| | |
|---|---|
| 09-16-20 | Complaints by Elminio Soto, Austin R. Georges, Carlos Schuster and Hayden Barry<br>SX-2020-CV-719, 720, 721, 722 |
| 12-28-20 | Order Opening Master Case and grouping Plaintiffs' cases[2]<br>SX-2020-MC-090, CMS No. 1 |
| 01-04-21 | Motion to Dismiss for Lack of Personal Jurisdiction by Reynolds regarding all cases<br>SX-2020-MC-090, CMS No. 7 |
| 09-01-21 | Case Management Order setting final discovery deadline in all cases for 07/31/22 and setting first trial for January 2023<br>SX-2020-MC-090, CMS No. 65 |

---

[2] A fifth case, i.e., Bruney v. Phillip Morris USA, Inc. Et. Al. (SX-2020-CV-376), was included in the grouping but was dismissed on April 21, 2023 by stipulation of the parties.

10-18-21    Case Management Order issued re-setting trial of first case for February 2023
SX-2020-MC-090, CMS No. 70

02-15-22    Case Management Order for <u>Barry</u> case only resetting discovery deadline for 04/30/22 and re-setting trial for September 19, 2022
SX-2020-MC-090, CMS No. 83

03-09-22    Amended Case Management Order for <u>Barry</u> re-setting discovery deadline for 06/10/22 and trial for November 7, 2022
SX-2020-MC-090, CMS No. 95

10-27-22    Order Granting Continuance of <u>Barry</u> November 7, 2022 trial
SX-2020-MC-090, CMS No. 137

11-21-22    Trial Notice setting <u>Barry</u> trial for April 11, 2023
SX-2020-MC-722, CMS No. 134

01-12-23    Amended Case Management Order in <u>Soto</u> and <u>Schuster</u> cases re-setting discovery deadline to 02/10/23 and setting trials for July and September 2023
SX-2020-MC-090, CMS No. 155

01-12-23    Amended Case Management Order in <u>Bruney</u> and <u>Georges</u> re-setting discovery deadline to 02/28/23 and re-setting trials for October 2023 and January 2024
SX-2020-MC-090, CMS No. 156

03-14-23    Order Granting Motion to Dismiss Counts 5 and 6 in <u>Barry</u>
SX-2020-CV-722, CMS No. 147

03-20-23    Order entered continuing <u>Barry</u> April 11, 2023 trial and permitting Plaintiff up to 03/27/23 to file an amended complaint
SX-2020-CV-722, CMS No. 154

03-27-23    First Amended Complaint in <u>Barry</u> re-charging Counts 5 and 6
SX-2020-CV-722, CMS No. 156

04-17-23    Order rescheduling <u>Barry</u> trial to September 11, 2023,

Soto to November 13, 2023, Georges to January 22, 2024 and Schuster to March 4, 2024
SX-2020-MC-090, CMS No. 173

04-20-23    Motion to Dismiss Counts 5 and 6 of Barry Amended Complaint For Lack of Personal Jurisdiction filed by Reynolds
SX-2020-CV-722, CMS No. 170

04-25-23    Amended Order issued Rescheduling Barry trial to September 5, 2023, Soto to January 22, 2024, Georges to March 4, 2024 and Schuster to April 29, 2024
SX-2020-MC-090, CMS No. 178

05-19-23    Opposition to Motion to Dismiss Counts 5 and 6 by Plaintiff
SX-2020-CV-722, CMS No. 179

06-16-23    Reply to Opposition to Motion to Dismiss by Reynolds
SX-2020-CV-722, CMS No. 186

08-10-23    Order Dismissing Counts 5 and 6 of Amended Complaint in Barry
SX-2020-CV-722, CMS No. 202

08-18-23    Order Cancelling Barry September 5, 2023 trial
SX-2020-CV-722, CMS No. 213

12-13-23    Global Case Management Order rescheduling Barry trial to June 3, 2024, Soto to August 12, 2024, Georges to October 7, 2024 and Schuster to January 1, 2025.
SX-2020-MC-090, CMS No. 192

On August 17, 2023, Plaintiffs filed their Motion For Jurisdictional Discovery and Additional Time to Replead. Reynolds filed its opposition on August 28, 2023 and Plaintiff replied on September 1, 2023. Thereafter, Reynolds filed a Motion For Leave to File a Surresponse and a proposed surresponse on September 7, 2023. Plaintiff replied to the surresponse on September 18, 2023. No hearing was

held on the motion for jurisdictional discovery.

## APPLICABLE LAW

The trial court has wide discretion to determine whether to grant jurisdictional discovery. West Indies Corp. v. Pro-Source, Inc., Civ. No. ST-01-CV-355, 2007 V.I. LEXIS 44 at *7, (Super. Ct. Nov. 30, 2007).  It "must limit the frequency or extent of discovery otherwise allowed" by the rules under certain circumstances including when "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." V.I.R. Civ. P. 26(b)(3)(C).  A party can waive jurisdictional discovery by failing to timely request it. See Evans-Freke v. Evans-Freke, 75 V.I. 407, 469 n 47 (V.I.  2021) (stating that if the party wished, "she could have requested jurisdictional discovery as to Stephen's travel. As she did not do so, she waived her right to request such relief.").

Virgin Islands courts have consistently held that a plaintiff's right to jurisdictional discovery should be sustained where "a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state.'" Phillips v. Woodforest Construction, LLC, Civ. No. ST-2020-CV-317, 2023 WL 4930127 at *19 (Super. Ct. Jul. 31, 2023) (citing Pichierri v. Crowley, Civ. No. ST-08-CV-340, 2009 V.I. LEXIS 92 (Super. Ct. June 29, 2009)); Atrium, V.I., LLC v. Atrium Staffing, LLC, 69 V.I. 259, 271-72 (Super. Ct. Aug. 9, 2018) citing (citing Toys "R" Us, Inc. v. Step

Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003)); Power v. Blue Serenity, LLC, Civ. No. ST-13-CV-523, 2014 V.I. LEXIS 113 at *10 (Super. Ct. Dec. 08, 2014), citing Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003); Pichierri v. Crowley, Civ. No. ST-08-CV-340, 2009 V.I. LEXIS 92 at *4 (Super. Ct. Jun. 29, 2009); accord Aldossari v. Ripp, No. 21-2080, 2022 U.S. App. LEXIS 25563 at *259 (3d Cir. 2022). Conversely, jurisdictional discovery should be denied where the factual allegations do not suggest "with reasonable particularity" the possible existence of the requisite contacts between the defendant and the Virgin Islands. See Fatouros v. Lambrakis, 627 Fed. App. 84, 88 (3d Cir. 2015) (concluding district court did not abuse its discretion by declining to allow jurisdictional discovery, as plaintiff "did not present factual allegations that suggested with reasonable particularity the possible existence of the requisite minimum contacts.") (emphasis supplied). As the Third Circuit puts it, "[a] plaintiff may not, however, undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 157 (3d Cir. 2010). This analysis is clearly case specific.

## ANALYSIS

Plaintiffs seek a 120-day period to pursue further discovery claiming they "need jurisdictional evidence to show R.J. Reynolds and its co-conspirators targeted the USVI with their fraud and conspiracy and to properly amend their

complaints to preserve jurisdiction on these counts." Mot. for Jurisdictional Disc. 2.

The particular counts Plaintiffs reference are 5 and 6 of their complaints which charge fraud and civil conspiracy. They wish to request documents, take witness testimony, issue interrogatories and requests for admission, and take corporate representative depositions "on where and how RJR directed its fraud and conspiratorial activities." Id. As explained below, Plaintiffs waived jurisdictional discovery and such discovery would be futile in any event.

1) Plaintiffs Waived Their Right to Request Jurisdictional Discovery.

A review of the pleadings in these matters reveals Plaintiffs' dilatory conduct with respect to seeking jurisdictional discovery. Reynolds filed its motion to dismiss as to all Plaintiffs on January 4, 2021. It specifically argued with respect to Plaintiffs' fraud and conspiracy claims (Counts 5 and 6) that "the Complaints contain no allegation that Plaintiffs were injured as a result of any conduct purposefully directed at the U.S. Virgin Islands." Reynolds' Mot. to Dismiss (01/4/21), 1. In the face of this challenge, Plaintiffs nevertheless opted not to seek jurisdictional discovery. Instead, they mention in their opposition "if the Court is inclined to hold an evidentiary hearing, the Plaintiff must be permitted Jurisdictional Discovery to collect jurisdictional evidence through Interrogatories, Requests for Admission and corporate representative depositions of RJR." Pls.' Opp'n to Reynolds' Mot. to Dismiss (01/23/21), 4. They further asserted "[h]owever, the Plaintiffs believe an evidentiary hearing is unnecessary and an unproductive use

of the court's and parties' time." Id.  The Court did not hold an evidentiary hearing. Thus, as per Plaintiffs' determination, jurisdictional discovery was a non-issue.

On March 14, 2023, this Court dismissed Counts 5 (Fraudulent Concealment and Misrepresentation) and 6 (Civil Conspiracy) of Barry's initial complaint for failure to make a prima facie showing of personal jurisdiction. Order Regarding Mot. to Dismiss (03/14/23), 14.  Specifically, the court found the complaint deficient for: 1) failure to allege how Reynolds' cigarettes were supplied to the territory (i.e., directly from Reynolds or through a stateside wholesaler); and 2) failure to allege a specific contact or purposeful direction of Reynolds' activities to the Virgin Islands. Id. at 13.  The Court explained that Barry's general allegations were insufficient to permit for adequate assessment of the nature of the claimed contact by Reynolds or whether Barry's claim arises out of the alleged contact(s). Id. at 13-14.  The order clearly signaled: the need to plead specific jurisdictional allegations regarding Reynolds' contact with the Virgin Islands; and the Court's concern about its ability to assess whether Barry's claims arise out of the alleged contacts.

In response to the dismissal, Barry amended his complaint and added new allegations including:

1) Reynolds directly supplied their cigarettes to Virgin Island wholesalers. Am. Compl. ¶ 14, p 5.

2) Reynolds directed specific acts nationwide toward the American Public to propagate fraud and conspiracy in the Virgin Islands. Id. ¶ 23, p 7.

3) As a result of Reynolds' tortious acts specifically directed to the Virgin Islands, including the propagation of a nationwide conspiracy designed to spread to the Virgin Islands, Plaintiff suffered injuries. Id. ¶ 24, p 8.

4) Since 1955 to 2000, Reynolds purposefully directed a massive scheme of lies and misrepresentations nationwide to the American Public, which included the U.S. Virgin Islands. Id. ¶ 25, p 8.

5) Defendants' nationwide conspiracy was reported in Virgin Islands newspapers, radio, and newspapers. Id. ¶¶ 29 - 33, p 9 - 12.

6) [L]awyers, acting as agents under the direction of the Tobacco Defendants acted to aid, abet, assist, develop and propagate the Tobacco Defendants' fraud, misrepresentation, and conspiracy as far as possible, specifically directing and reaching the U.S. Virgin Islands as part of their nationwide campaign." Id. ¶ 266, p 64.

These new allegations, although containing the words "specific", "specifically" and "purposefully directed" do not identify the nature of Reynolds' conduct purportedly directed to the Virgin Islands.

On April 20, 2023, Reynolds again moved to dismiss the fraud and conspiracy claims (Count 5 and 6) in Barry's amended complaint for lack of personal jurisdiction. It argued that Barry's fraud and conspiracy claims did not arise out of the conduct alleged in the complaint and that the conduct was not purposefully directed at the Virgin Islands. Opp'n to Mot. to Dismiss, 2. Again, Barry chose not to seek jurisdictional discovery to support his complaint allegations, nor did he request an evidentiary hearing. Instead, he chose to rely on documentary evidence (presumably already in his possession) to support numerous contacts he claimed were made by Reynolds including: the distribution

of cigarettes in the Virgin Islands, national broadcasting of false statements and misrepresentations; the creation of a "controversy"; cigarette commercials directed to the Virgin Islands; nationwide propagation of "the controversy"; advertising of filtered cigarettes on packs and national magazines; publication of tobacco industry committee's pledge published in Virgin Islands newspapers; publication of tobacco industry committee's response to EPA draft on second-hand smoking in the St. Croix Avis; tobacco industry statements regarding cigarette filters in the St. Croix Avis; and television appearances by tobacco spokespersons in St. Croix. The Court found Barry's submitted documents insufficient to support personal jurisdiction either because they contained no fraudulent message, was not directed to the Virgin Islands by Reynolds and/or Barry did not rely on them. Barry knew, or should have known, his bare complaint allegations would not suffice to overcome a challenge to jurisdiction since the Court could only accept as true allegations that were supported by affidavits or other competent evidence. Yet, he chose to proceed without seeking further discovery. Molloy v. Independence Blue Cross, 56 V.I. 155, 173 (V.I. 2012).

All Plaintiffs now seek jurisdictional discovery:

1) after two and one-half years since Reynolds challenged this Court's jurisdiction over the same fraud and conspiracy claims;

2) after the Court found Barry's support for his complaint allegations was insufficient;

3) after discovery deadlines have expired (the last being 02/28/23, i.e.,

2020-720 for Georges); and

4) when trials for Plaintiffs were set to commence in 2023 and 2024.

They have had ample opportunity to seek jurisdictional discovery and chose not to do so. It is inequitable for a plaintiff to strategically forego a request for jurisdictional discovery, await the court's decision on a motion to dismiss, and then seek permission to conduct discovery. Under the circumstances, Plaintiffs have waived their opportunity to conduct jurisdictional discovery by failing to timely request it.[3] Further, a grant of jurisdictional discovery will result in a 120-day discovery period. This will be followed by a motion to amend, a motion to dismiss, an opposition thereto, a reply, possibly a motion hearing, and a ruling by the Court. Considering scheduling limitations, this process will very likely delay the scheduled trials for another year. This reality mitigates against a grant of jurisdictional discovery.

Plaintiffs make several arguments in an attempt to justify jurisdictional discovery, all of which lack merit. They argue Adams v. N.W. Co., Inc., 63 V.I. 427, 439 (Super. Ct. 2015) supports the notion that, where a complaint is subject to dismissal, the court must permit a curative amendment unless it would be

---

[3] Although the Court's dismissal order on March 14, 2023 applied to the Barry case, the other plaintiffs are represented by the same lawyers. Their complaints contain almost identical allegations. Their discovery deadlines have long passed and the identical motion to dismiss their claims has been pending since January 4, 2021. Consequently, this Court concludes that the other plaintiffs have waived their right to seek jurisdictional discovery as well.

inequitable or futile. Pls.' Mot. for Jurisdictional Disc. 2 n 3. First, Plaintiffs' complaints are not "subject to dismissal" they were already dismissed which makes Plaintiffs' discovery request a belated one. Second, as explained below, an amendment would be inequitable and futile. Plaintiffs claim, pursuant to this Court's August 10, 2023 memorandum in the <u>Barry</u> case, "all that is lacking are certain allegations showing that Tobacco Companies and their co-conspirators purposefully targeted the Virgin Islands." <u>Id</u>. at 3. Plaintiffs misread this Court's ruling. Barry's deficiency went beyond his allegations and involved his support (i.e. proof) thereof. He failed to:

1) support certain allegations with affidavits or other competent evidence;

2) specify details of alleged false misrepresentations;

3) specify how alleged false misrepresentations were distributed to the V.I.;

4) show certain alleged misrepresentations were directed to the V.I.; and

5) show he relied on the alleged misrepresentations.

<u>See</u> Memo Op. (08/10/23), pp 13 - 29. Plaintiffs claim, "these exact same claims of fraud and conspiracy have been found to meet the threshold for personal jurisdiction in <u>Brown/Gerald v. R.J. Reynolds Tobacco Co</u>.". Pls.' Mot. for Jurisdictional Disc. 8. This argument is irrelevant to Plaintiffs' motion for jurisdictional discovery and appears more as an attack on the Court's conclusion that Plaintiffs' failed to establish this Court's jurisdiction. Furthermore, the <u>Brown/Gerald</u> court did not address the key issue here, i.e., sufficiency of proof of

fraudulent activities directed to the Virgin Islands.[4]

In their reply, Plaintiffs make further arguments in support of their request for jurisdictional discovery. They claim "[p]laintiffs' opposition on January 23, 2021, requested jurisdictional discovery." Pls.' Reply to Reynolds' Opp'n to Mot. for Jurisdictional Disc. 1. This statement is simply false. Plaintiffs made no such request.[5] Instead they opined they must be permitted jurisdictional discovery if the Court is inclined to hold an evidentiary hearing. Their false assertion warrants no further discussion. Plaintiffs argue, Reynolds "waived its argument of personal jurisdiction" as to the fraud and conspiracy counts by not pushing the Court to rule on its motion to dismiss and by participating in the ligation. Id. at 2. Plaintiffs did not raise this argument in their opposition to Reynolds' motion to dismiss. Therefore, it is waived as the Court has already ruled. Plaintiffs argue they relied on the Court's statement on March 17, 2023 that this was a simple pleading issue. Id. at 3. A statement by the Court that pleadings need to be adjusted, however, is not a license to plead unsupportable (unprovable) facts. Plaintiffs assert "if the

---

[4] Plaintiffs further argue that the Brown/Gerald court issued binding law regarding inferred reliance that was upheld by the V.I. Supreme Court. Pls.' Opp'n to Mot. for Jurisdictional Disc. 6; Pls.' Sur-response to Reynold's Sur-reply 2. In fact, the Supreme Court in the Brown/Gerald matter (76 V.I. 656) did not address the inferred reliance issue. Plaintiffs' claim regarding binding law is thus patently incorrect.

[5] Later, in their Reply, Plaintiffs switch position and argued "the Plaintiffs timely raised jurisdictional discovery. Plaintiffs raised the potential need for jurisdictional discovery back in January 2021." Pls.' Reply to Reynolds' Opp'n to Mot. for Jurisdictional Disc. 7. Clearly, "requesting" discovery is quite different to "raising the potential need" for discovery.

Court need evidence, and considering R.J. Reynolds is the possessor of the evidence, jurisdictional discovery is necessary." Id. at 4.  The need for discovery is not for the Court, but for Plaintiffs, to decide guided by the axiom that complaint allegations must be supported by competent evidence.  Plaintiffs argue that no delay should be a concern as to Georges, Schuster and Soto since no ruling has been made in those cases; and they made the same request for jurisdictional discovery in those cases in their omnibus opposition to Reynolds' motion to dismiss. Id.  As indicated above, no such jurisdictional discovery request was made, and delay is a concern for all Plaintiffs as trials are set to go forth within a year.

2) Plaintiffs Have Failed to Justify Their Request for Jurisdictional Discovery.

Even if Plaintiffs had not waived jurisdictional discovery, their right thereto would be sustained only if they present factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between Reynolds and the Virgin Islands, that is, contacts, upon which Plaintiffs relied, tending to show Reynolds purposefully directed its allegedly fraudulent messages to the Virgin Islands. See Phillips, 2023 WL 4930127 at *19.  Plaintiffs have not met this minimal burden.

In support of their request for jurisdictional discovery, Plaintiffs boldly assert "the Plaintiffs are confident they will have sufficient documents and information to properly replead their allegations that RJR and/or its co-conspirators purposefully

targeted the Virgin Islands with its fraudulent misrepresentations and conspiratorial conduct." Pls.' Mot. for Jurisdictional Disc. 4.  They do not explain why they are so confident, nor do they specify the nature of the documents they expect to uncover. Such assertions lack reasonable particularity to allow for a meaningful determination of whether the requisite contacts possibly exist.  Further, Plaintiffs' failure to present prima facie evidence to support jurisdiction, over their fraud and conspiracy claims, despite their submissions and allegations of numerous contacts in opposition to Reynolds' second motion to dismiss, strongly suggest the nonexistence of the requisite contacts.  Jurisdictional discovery, then, would be a futile endeavor.  Plaintiffs do not even proffer allegedly fraudulent representations they saw, heard, or read but have no documentary support for.  They do not hint at when these fraudulent representations were made or how they were directed to the Virgin Islands.  It is apparent that Plaintiffs have no clue as to what contacts (i.e., misrepresentations directed to the Virgin Islands) jurisdictional discovery might uncover.  Under the circumstances their request for jurisdictional discovery manifests as a fishing expedition and is not justified.[6] See Koh v. Koo, No. 22-CV-

---

[6] Plaintiffs argue the Court should not be concerned about a fishing expedition since "[h]undreds of juries on the exact same fraud and conspiracy evidence have returned verdicts on the fraud and conspiracy counts." Mot. for Jurisdictional Disc. 6.  The logic of this argument escapes the Court as juries decide issues of fact.  They do not make determinations of whether a court has personal jurisdiction over claims.  Plaintiffs also argue that various courts "have found the Tobacco Companies' fraudulent conduct and conspiratorial activities disturbing, outrageous, and reprehensible, and have not precluded such claims on the basis of personal jurisdiction." Id. This argument suffers from the same irrelevance and lack of specificity as Plaintiffs' request for jurisdictional discovery.  It thus does not help Plaintiffs' request for jurisdictional discovery in the

6639 (JMF),  2023 U.S. District LEXIS 147802 at *11, n 5 (S.D.N.Y. Aug. 21, 2023) (denying jurisdictional discovery and stating "Nor do they identify what facts they would uncover through discovery that would support the exercise of personal jurisdiction over the Maum Entities. Accordingly, the Court declines to grant Plaintiffs' belated request for jurisdictional discovery."); Pattanayak v. Mastercard, Inc., Civ. No. 20-12640, 2021 U.S. Dist. LEXIS 47293 at *12 (D.N.J. Mar. 12, 2021) (denying plaintiff's request for jurisdictional discovery and stating "Pattanayak has provided no sense of the relevant jurisdictional facts discovery might uncover.  It amounts to little more than a bare request for an opportunity to 'better evaluate' Mastercard's 'potential contacts' with New Jersey."); Pfister v. Selling Source, LLC, 931 F. Supp. 2d 1109, 1118 (D. Nev. 2013) (denying jurisdictional discovery and stating "[t]o this end, plaintiff's seeking jurisdictional discovery must provide some basis to believe that discovery will lead to relevant evidence providing a basis for the exercise of personal jurisdiction and courts are within their discretion to deny requests based 'on little more than a hunch that [discovery] might yield jurisdictionally relevant facts.'" citing Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008)).

In a final desperate attempt to justify jurisdictional discovery, Plaintiffs claim, "it seems the Court did not understand the critical importance of the Fraud and

---

least.

Conspiracy Counts to tobacco litigation," and purport to educate the Court thereon.[7] Pls.' Reply to Reynolds' Opp'n to Mot. for Jurisdictional Disc. 12. They claim: that cigarettes have killed more than 400,000 Americans a year for decades; tobacco companies won every suit between the 1950s and 1990s because tobacco plaintiffs did not have tobacco companies' internal documents showing their fraud and conspiracy; and since the year 2000, plaintiffs won two thirds of the cases because they obtained access to, and used, the tobacco documents. Id. at 13. Plaintiffs thus conclude that "by not finding jurisdiction over this fraud and conspiracy counts, and not following binding case law in Gerald . . . regarding inferred reliance in tobacco litigation for fraud and conspiracy which affected the Virgin Islands- this Court is creating a de facto immunity for Tobacco Companies' wrongful actions in the Virgin Islands." Id. at 14. Once again, Plaintiffs shift focus towards nonissues. Let it be clear, the importance of certain claims to any party is of no concern to this Court who stands as a neutral arbiter of the law. It is not the Court's role to assume jurisdiction over a fraud or conspiracy claim because it is critically important to a tobacco litigation. Jurisdiction is determined based upon proof of legally requisite contacts not upon a plaintiff's need or desire to "win" a case. Second, in the Virgin Islands, decisions from one Superior Court judge are not binding on other Superior Court judges. In sum, Plaintiffs' tobacco litigation

---

[7] Counsel is hereby cautioned to constrain the level of arrogance in submissions to the Court. Such conduct borders on disrespect and will not be taken lightly in the future.

history does nothing to assist their burden to show that jurisdictional discovery will possibly yield evidence of the requisite contacts to the Virgin Islands by Reynolds.

## CONCLUSION

For the reasons mentioned above, this Court concludes that Plaintiffs have waived their right to request jurisdictional discovery and any such endeavor would be futile. An order consistent herewith will be issued contemporaneously.

DATE: December 29, 2023

_____
ALPHONSO G. ANDREWS, JR.
Superior Court Judge

**Attest:**
**TAMARA CHARLES**
CLERK OF THE COURT

_____
COURT CLERK III
_12-29-2023_____
DATE